## Kleinwaks v. Shiner (No. 1)

*Martin A. Kutler*, for plaintiff.

*Wallace C. Worth, Jr.*, for defendant.

KOCH, J., October 15, 1956.—Plaintiff filed a complaint in equity seeking an injunction to restrain defendant from selling ice cream and allied products in

violation of a restrictive covenant. To this complaint defendant has filed two preliminary objections as follows:

1. The contract between the parties, being exhibit A in plaintiff's complaint, is of such a nature as to be unenforceable and against the public policy of the Commonwealth of Pennsylvania.

2. Plaintiff, with knowledge of the alleged violations on the part of defendant, was the sole supplier of defendant and enabled him to commit the violation alleged in plaintiff's complaint, and, therefore, does not come into equity with clean hands.

In disposing of the first preliminary objection, the question arises as to whether the defense of illegality can be raised by demurrer under Pa. R. C. P. 1017-(b) (4). We can only interpret defendant's term "unenforceable" as used in the preliminary objection in the sense of illegality. Under rule 1030, this is one of the enumerated affirmative defenses and "shall be pleaded in a responsive pleading under the heading 'New Matter'." In Justan v. Rodgers Motor Lines, Inc., 76 D. & C. 487, defendant objected preliminarily contending that the terms of a shipping contract, upon which the suit was based, was "illegal and unenforceable". The court there held that since the illegality did not appear on the face of the complaint, defendant was required to plead by way of answer under rule 1030. We believe that the same principle is applicable to the case at bar. See also Scott v. Pierucci, 72 D. & C. 453; Goodrich-Amram, §1017(b)-11.

Preliminary objection 1 also avers that the contract between the parties is "against the public policy of the Commonwealth of Pennsylvania". We can find nothing on the face of the complaint to sustain this position. It may well be that this affirmative defense may ultimately be in issue, but we cannot decide it at this stage of the case. It is only where it is apparent from plain-

tiff's averment that the contract which he seeks to specifically enforce is invalid because contrary to public policy, defendant may attack the complaint by demurrer: Philadelphia Cleaners & Dyers Association, Inc., v. Dollar Cleaners & Dyers, Inc., 19 D. & C. 327. Defendant has cited no authority which would indicate that restrictive covenants are in themselves against public policy.

The second preliminary objection sets forth that plaintiff does not come into court with clean hands for the reason that he, with knowledge of the alleged violations on the part of defendant, was the sole supplier of defendant and enabled him to violate the restrictive covenant in question. By this objection defendant seeks to aver facts which are not apparent on the face of the record. It is well settled that preliminary objections cannot be used for this purpose: 2 Anderson Pa. Civ. Prac., p. 333. We will limit ourselves in disposing of this objection to the facts which are averred in the complaint.

The clean hands doctrine is an affirmative defense and under rule 1030 may be pleaded under the heading of "New Matter". This rule sets forth a number of defenses which shall be pleaded in that manner and contains this further provision: "Any other affirmative defense may be similarly pleaded". In 2 Anderson Pa. Civ. Prac., p. 457, this observation appears: "The 'other affirmative defenses' include the averment (as 'New Matter' under Rule 1030) of any facts which if true would have the legal effect of barring or avoiding the cause of action or defense pleaded by the adverse party".

## Order

And now, October 15, 1956, defendant's preliminary objections are overruled and defendant is ordered to file an answer on the merits within 20 days after service of this order upon his counsel.